## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FORTINO LOPEZ SAGUILAN,** | **Civil Action No. 25-18980 (ZNQ)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **PAMELA BONDI, *et. al.*,** | |
| **Respondents.** | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Fortino Lopez Saguilan's motion seeking a temporary restraining order directing his release following a bond hearing conducted at this Court's Order.  (ECF No. 13.) The Government filed a response to this motion (ECF No. 15), to which Petitioner replied.  (ECF No. 16.)  For the following reasons, that motion shall be denied, and this matter shall be closed.

By way of background, Petitioner filed his habeas petition on December 23, 2025.  (ECF No. 1.)  In his habeas petition, Petitioner essentially argued that he had been improperly classified as subject to mandatory immigration detention under 8 U.S.C. § 1225(b)(2), when he was instead subject only to the Government's discretionary detention authority under 8 U.S.C. § 1226(a), and that his detention in the absence of a "meaningful bond hearing" as required by § 1226(a) amounted to a violation of his rights to due process.  (ECF No. 1 at 1-17.)  On December 29, 2025, this Court agreed that Petitioner was not subject to mandatory detention and ordered that Petitioner be provided the bond hearing to which he was entitled under § 1226(a).  (ECF No. 3.)

Petitioner received a bond hearing before an immigration judge on January 8, 2026. (ECF No. 13 at 6.) Following the hearing, the immigration judge found that Petitioner had failed to meet his burden of showing that he was not a danger to the community in light of a previously dismissed assault charge from 2020. (*Id.*; ECF No. 13-2 at 114-15.) The immigration judge appears to have found that she could not determine that Petitioner did not present a danger to the community without a better explanation of what gave rise to the charges in the first place. (ECF No. 13 at 6.) According to Petitioner, the immigration judge specifically determined that a copy of the initial police report would be necessary to determine that the incident did not indicate that Petitioner was a danger to the community. (*Id.*) The only description in the record of what occurred in this incident comes from a letter submitted by the apparent alleged victim. (ECF No. 13-2 at 115.) In that letter, the alleged victim identified herself as Petitioner's mother-in-law, and states that the charges stemmed from a "family disagreement that escalated to the point where the police were called" without providing further detail. (*Id.*) She further explains in the letter that she has since forgiven Petitioner and they have moved on from the incident, and that she does not wish to see him removed as it would be a significant hardship to his children and family. (*Id.*) In his current motion, Petitioner argues that the immigration judge's decision in his bond hearing was improper as she did not substantially weigh the evidence he provided showing his strong ties to the community, his family's needs for his presence in light of his children's special needs, and the lack of criminal record other than the 2020 assault incident for which Petitioner does not believe he should be required to produce further explanation. (ECF No. 13 at 6-12.) Petitioner therefore seeks to have this court issue a temporary restraining order, conduct its own "bond redetermination" and order Petitioner's release.

A temporary restraining order is "an extraordinary remedy" and "should be granted only in limited circumstances." *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999). To secure this extraordinary form of relief, the movant has the burden of establishing the following: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if relief is denied; (3) a balance of hardships in its favor; and (4) a public interest in favor of injunctive relief. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998); *Ballas*, 41 F. Supp. 2d at 537. A movant must meet the threshold for the first two "most critical" factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* "Only if the movant produces evidence sufficient to convince the [Court} that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

Here, Petitioner seeks a "bond redetermination" by this Court. As this Court explained in cases including *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445, at *2-4 (D.N.J. Nov. 21, 2025), aliens such as Petitioner who effect an entry into the United States and are not taken into custody until several years after that entry are not subject to the Government's mandatory detention authority under 8 U.S.C. § 1225(b)(2). Such aliens are instead subject to detention only under the Government's discretionary authority under 8 U.S.C. § 1226(a). *Id.* at *3. Pursuant to that authority, the Government may detain aliens, but they must be accorded a bond hearing at which they bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, however, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C.

§ 1226(e); *see also Borbot*, 906 F.3d at 279 (although an alien may challenge the propriety of § 1226(a)'s statutory framework and its compliance with Due Process, an alien may not use a habeas petition to "seek[] to compel a *second* bond hearing despite alleging not constitutional defect in the one he received" as that would effectively request review of "the IJ's bond decision, a task Congress has expressly forbidden us from undertaking").

In this matter, Petitioner received a bond hearing before an immigration judge, at which the judge applied the appropriate standard and found that Petitioner failed to meet his burden to establish that he was not a danger in light of the insufficiently explained 2020 assault charge. Petitioner clearly disagrees with that decision, and argues that it did not adequately take into account the rest of the evidence Petitioner submitted showing his strong family and community ties. He now asks that this Court conduct a new bond redetermination and find in his favor, but he has identified no constitutional defect in the underlying bond hearing other than his own disagreement with the immigration judge. Petitioner is thus attempting to have this Court reconsider the immigration judge's determination, a "task Congress has expressly forbidden" this Court "from undertaking." *Borbot*, 906 F.3d at 279. This Court cannot do so, and, as such, Petitioner cannot establish that he has a strong likelihood of success on the merits in this matter.

Petitioner's arguments as to irreparable injury likewise fall short of establishing a basis for injunctive relief at this time. Although the Court empathizes with the genuine hardship and difficulty that Petitioner's ongoing detention continues to cause for his family and especially his children, Petitioner has avenues available to him other than injunctive relief before this Court to resolve the alleged mis-weighing of the evidence by the immigration judge. Petitioner can seek to resolve this alleged harm by either filing a bond appeal with the Board of Immigration Appeals, *see* 8 C.F.R. § 1236.1(d), or seek a bond redetermination from the immigration judge upon securing

the police report the judge needed to understand his charges.  *See, e.g., Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009).  As these avenues for administrative relief remain, this Court cannot find that Petitioner will suffer irreparable harm absent an injunction which this Court is forbidden by statute from issuing.

In conclusion, as Petitioner has thus failed to establish that either of the first two factors favor injunctive relief, and as this Court is otherwise prohibited from taking the action Petitioner seeks, his motion seeking a temporary restraining order (ECF No. 13) must be denied.  As Petitioner has now received the bond hearing this Court determined he was due in this habeas matter, this matter shall in turn be closed.

Date: January 8, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**